[Civ. No. 10695. First Appellate District, Division One.—December 9, 1937.]

EDWIN M. DAUGHERTY, as Commissioner of Corporations, etc., Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

U. S. Webb, Attorney-General, and Ralph O. Marron, Deputy Attorney-General, for Petitioner.

Thomas Whelan, District Attorney (San Diego County), Lowell L. Sparks, District Attorney (Placer County), Earl

Warren, District Attorney, Ralph E. Hoyt, Chief Assistant District Attorney, and R. H. Chamberlain, Assistant District Attorney (Alameda County), Anthony Brazil, District Attorney (Monterey County), Clair Engle, District Attorney (Tehama County), Buron Fitts, District Attorney (Los Angeles County), Walter C. Haight, District Attorney (Tulare County), Elmer W. Heald, District Attorney (Imperial County), Percy C. Heckendorf, District Attorney (Santa Barbara County), Toland C. McGettigan, District Attorney (Sonoma County), Fred L. Thomas, District Attorney (Santa Clara County), Henry S. Lyon, District Attorney (El Dorado County), and Roger R. Walch, District Attorney (Kings County), as *Amici Curiae* on Behalf of Petitioner.

Ellis & Steindorf and Richard M. Lyman, Jr., for Respondent.

THE COURT.—A petition for a writ of prohibition, requiring respondent court to refrain from taking further proceedings in an action brought by E. M. Lewis & Co. Inc. and E. M. Lewis as plaintiffs, against petitioner, to restrain the latter from proceeding with a hearing to determine whether cause existed for the revocation or suspension of a broker's certificate issued to said plaintiffs.

The certificate was issued on January 5, 1937. On September 10, 1937, petitioner served notice upon plaintiffs of the time and place of a hearing to determine whether they had committed certain specified violations of the Corporate Securities Act, and requiring them to show cause why their certificate should not be revoked. Following this notice plaintiffs surrendered possession of the certificate to petitioner, and on the same day brought the action mentioned to restrain the hearing so noticed. A restraining order issued and an order to show cause why a temporary injunction should not be granted was made. Petitioner appeared therein, and his general demurrer to plaintiffs' complaint was sustained without leave to amend. The restraining order was dissolved and the order to show cause discharged. Following this respondent court made its order, which recited that plaintiffs were about to appeal from the judgment to be entered on the order first mentioned, and that pending such appeal the restraining order theretofore made and dissolved be reinstated and the whole thereof be in full force and effect.

█ It is undisputed that the physical possession of the certificate in question was surrendered, and that following the filing of the complaint in the injunction suit petitioner obtained from respondent court an order authorizing the temporary suspension of the certificate, and that thereafter he did suspend the same. Plaintiffs contend that by reason of these facts petitioner lost jurisdiction, and that consequently he may properly be enjoined from proceeding with the hearing.

Section 23 of the Corporate Securities Act provides that ''the Commissioner shall at all times have the power to administer oaths and make an examination or investigation of the business and the books, records, accounts and other papers appertaining thereto, of any company, broker, investment counsel or agent theretofore permitted or authorized by him to sell securities or to act as an investment counsel . . . , or of any company, broker, agent or investment counsel or any other person, who the Commissioner has reason to believe has violated or is about to violate any of the provisions of this act . . . Such power shall not be terminated by the suspension or revocation of any permit, order or certificate theretofore issued by him''.

The statute plainly gives the commissioner the power to act in the premises, and by accepting the certificate the plaintiffs submitted to the jurisdiction of the commissioner and to the provisions and conditions of the act. As was said in *Marrs* v. *Matthews*, (Tex. Civ. App.) 270 S. W. 586, ''One who accepts a license impliedly agrees to submit to the tribunals which the state has created for determining his fitness to continue in the enjoyment of the privilege granted. This is not a situation where the law attacked is thrust upon the complainant, nor is it one where an inherent right has been invaded, but is one in which the complainant has voluntarily sought and secured the statutory privilege, to be enjoyed subject to statutory conditions.''

In *Motor Finance & Guaranty Corp.* v. *Georgia Securities Com.*, 158 Ga. 75 [122 S. E. 782],—which closely resembles in its facts the case at bar,—it was held that the mere return of a license did not oust jurisdiction to conduct an examination into the affairs of the licensee.

Plaintiffs rely on *Jones* v. *Securities & Exchange Com.*, 298 U. S. 1 [56 Sup. Ct. 654, 80 L. Ed. 1015]; but there an

application for a license was withdrawn before hearing thereon; and it was held that this withdrawal was a matter of right, that the applicant never having submitted to the provisions of the act authorizing the granting of the license, the power of the commissioner to proceed with the hearing was at an end. These facts distinguish the case cited, and, contrary to plaintiffs' contention, the facts of the present case present no elements of estoppel as against the commissioner. The proceeding instituted by him was clearly one in execution of a valid public statute for the public benefit. (Civ. Code, sec. 3423; Code Civ. Proc., sec. 526.) ▮ The only relief sought in the pending action was injunctive relief. Such being the case, respondent court exceeded its jurisdiction as limited by the code sections above cited, and prohibition will lie to prevent the further prosecution of the action. (*Reclamation Dist.* v. *Superior Court,* 171 Cal. 672 [154 Pac. 845].)

It is ordered that a writ of prohibition issue as prayed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 8, 1938.