[Civ. No. 10692. First Appellate District, Division One.—March 28, 1939.]

E. M. LEWIS & CO. (a Corporation), Appellant, v. EDWIN M. DAUGHERTY, Commissioner of Corporations, etc., Respondent.

Ellis & Steindorf and Richard M. Lyman, Jr., for Appellant.

U. S. Webb, Attorney-General, and Ralph O. Marron, Deputy Attorney-General, for Respondent.

KNIGHT, J.—Plaintiff brought this action to enjoin the defendant as commissioner of corporations of the State of California from proceeding with a hearing to determine whether cause existed for the revocation or suspension of a broker's certificate theretofore issued to plaintiff; and upon the filing of the complaint an order was granted restraining defendant from holding said hearing and directing him to show cause why an injunction *pendente lite* should not issue. Defendant demurred to the complaint, and on October 8, 1937, a minute order was entered sustaining the demurrer without leave to amend and dissolving the restraining order. Thereafter, and on October 13, 1937, an order was made and filed reviving and reinstating the restraining order for the purpose of maintaining the *status quo* pending plaintiff's intended appeal; and on the following day plaintiff filed its notice of appeal from the order made on October 8, 1937. The transcript on appeal was filed herein on November 5, 1937, and appellant's opening brief was filed some twenty days later. In the meantime, to wit, on November 9, 1937, the defendant in said action instituted in this court an original proceeding in prohibition to prohibit the superior court from taking any further action in the cause pending therein; and after a hearing on the merits a peremptory writ of prohibition was issued as prayed. (*Daugherty* v. *Superior Court*, 23 Cal. App. (2d) 739 [74 Pac. (2d) 549].) Subsequently the appeal came on for hearing; there was no respondent's brief on file, and neither side appeared at the hearing; whereupon the cause was ordered submitted.

■ The appeal should be dismissed for the following reasons: First, all questions presented thereby have been fully determined by the decision rendered in *Daugherty* v. *Superior Court, supra;* secondly, the order of October 8, 1937, from which the appeal was taken, was not appealable. It was merely a minute order sustaining the demurrer without leave to amend. ■ No judgment was ever entered pursuant thereto; and it is well settled that no appeal lies from such an order; that the only method provided for review is by way of appeal from a final judgment entered pursuant to the order; and that where, as here, no such judgment is entered, any attempted appeal from the order itself will be dismissed. (*Doran* v. *Sherman,* 18 Cal. App. (2d) 479 [64 Pac. (2d) 442]; *Curran* v. *Giometti,* 20 Cal. App. (2d) 405 [66 Pac. (2d) 1260].) ■ Nor, construing the latter portion of said minute order as one dissolving an injunction, was it appealable because the effect thereof was completely nullified by the trial court the day before the appeal was taken by its order of October 13, 1937, directing that the restraining order be revived and reinstated.

Upon the grounds and for the reasons stated the appeal is dismissed.

Tyler, P. J., and Ward, J., concurred.